```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARGARITA ALICEA,             :    CIVIL ACTION
o/b/o J.I.P.,                 :    NO. 12-6725
                              :
       Plaintiff,             :
                              :
    v.                        :
                              :
CAROLYN COLVIN,               :
                              :
       Defendant.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          FEBRUARY 7, 2013

### I.    INTRODUCTION

Margarita Alicia brought this action on behalf of J.I.P., a minor, ("Plaintiff") pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the Commissioner of the Social Security Administration's ("Defendant") final decision denying Plaintiff's application for Child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Upon consideration of the Administrative record, submitted pleadings, Chief Magistrate Judge Carol Sandra Moore Wells's Report and Recommendation, objections thereto, and responses to objections, the Court adopts Judge Wells's Report and

Recommendation. Plaintiff's request for review will be denied, and judgment will be entered in favor of Defendant.

## II. BACKGROUND

A. <u>Procedural History</u>

An application for SSI was filed on behalf of Plaintiff on September 30, 2009. <u>See</u> Social Security Administration, Office of Disability Adjudication and Review, Decision, R. at 22. The application alleged Plaintiff was disabled since his birth on August 31, 2009. <u>See</u> Form SSA-3820, R. at 178-79. On October 27, 2009, the Claim was denied, and Plaintiff subsequently filed a request for a hearing. R. at 22. On February 2, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Drew A. Swank. The ALJ ruled against Plaintiff on February 8, 2013. <u>See</u> Decision, R. at 22-35. Plaintiff's mother testified at that hearing. <u>Id.</u> On August 31, 2012, the Appeals Council denied Plaintiff's request for review, marking Defendant's final determination. Notice of Appeals Council Action, R. at 3-5.

On December 4, 2012, Plaintiff's mother, on behalf of Plaintiff, filed the Complaint in the United States District

Court for the Eastern District of Pennsylvania.  Comp., ECF No. 3.  Plaintiff's mother later filed a brief in support of the Request for Review and Defendant filed a response.  ECF Nos. 10, 11.  The Court referred the case to Chief Magistrate Judge Carol Sandra Moore Wells for a report and recommendation.  Order, May 14, 2013, ECF No. 12.  On August 22, 2013, the Magistrate Judge filed the Report and Recommendation recommending that Plaintiff's request for review be denied and judgment be entered in favor of Defendant.  Report and Recommendation 7, Aug. 22, 2013.  Plaintiff subsequently filed two timely objections to which Defendant has responded.  ECF Nos. 17 and 18.

### B. Factual Background

Plaintiff was born on August 31, 2009.  R. at 45.  Plaintiff was delivered prematurely at 32-weeks.[1]  R. at 44.  Plaintiff has spina bifida, R. at 44, a congenital developmental disorder caused by the incomplete closing of the embryonic

---

[1] At the time of the hearing and the ALJ's Decision, Plaintiff was seventeen months old.  Plaintiff is currently four years and five months old.

neural tube.[2]  Plaintiff's feet curve inward.  R. at 44.  His head is disproportionately large, and he may need a brain shunt due to his head size.  R. at 44, 47.  Plaintiff has difficulty breathing, and he takes two different medications each day to control his asthma.  R. at 44.  Plaintiff was able to crawl, and Plaintiff may need braces to help him walk when he is older.  R. at 45.

Furthermore, Plaintiff has various bowel and bladder issues.  Plaintiff has constipation and requires assistance moving his bowels.  Id., R. at 45-46.  Plaintiff also has problems with urinating.  Id., R. at 45.  Plaintiff may eventually need an external apparatus, such as a bag, due to these two issues.  Id., R. at 46.

### III. STANDARD OF REVIEW

The Court undertakes a de novo review of the portions of the Report and Recommendation to which Plaintiff has objected.  See 28 U.S.C. § 636(b)(1) (2006); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998).  The

---

[2]     Specifically, Plaintiff's L3-4 myelomeningocele was affected (R. at 253), and it was later surgically closed (R. at 259).

4

Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the Court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. See Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the Court must review the factual findings presented in order to determine whether they are supported by substantial evidence. See 42 U.S.C. § 405(g) (2006); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (internal quotation marks omitted). "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" Id. (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see also Rutherford, 399 F.3d at 552 ("In the process of reviewing the record for

5

substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'" (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992))).

An ALJ uses a three-part analysis to determine whether a child is disabled for the purpose of receiving social security benefits.  See Valez ex rel. J.M.A. v. Astrue, No. 10-2681, 2011 WL 1248707, at *1 (E.D. Pa. Feb. 4, 2011), report and recommendation adopted, 2011 WL 1235596 (E.D. Pa. Apr. 4, 2011). First, the ALJ considers whether the child is working.  See 20 C.F.R. § 416.924(b).  Next, the ALJ considers whether the child has a medically determinable severe impairment or combination of impairments.  See id. § 416.924(c).  Finally, the ALJ considers whether the child's impairments "meet, medically equal, or functionally equal [those impairments in] the listings."  See id. § 416.924(d).

## IV. DISCUSSION

A. <u>Plaintiff's First Objection will be Overruled and the Court Will Adopt the Magistrate Judge's Recommendation that the ALJ Did Not Commit Error by Failing to Obtain a Medical Source Statement</u>

Plaintiff argues that the Magistrate Judge was incorrect in concluding that a medical source statement ("MSS") from Dr. Mendoza and/or Dr. Pasquariello was not needed by the ALJ. <u>See</u> Pl.'s Objections to the Report and Recommendation at 1-2. Dr. Mendoza is Plaintiff's pediatrician and Dr. Pasquariello is the director of the Spina Bifida Clinic at Children's Hospital of Philadelphia ("CHOP"). Plaintiff asserts that the absence of one or both of these MSSs had a "practical, detrimental effect . . . in the ALJ's disability determination" because an opinion from either doctor may have been entitled to controlling weight. <u>See</u> Pl.'s Objections to the Report and Recommendation at 1-2 (citing Report and Recommendation at 5).

The applicant bears the burden of establishing disability. 20 C.F.R. § 416.912(a); <u>see also</u> <u>Heckler v. Campbell</u>, 461 U.S. 458, 460 (1983). The ALJ is required to assist the applicant in developing the medical history by obtaining medical records from those sources identified by the

7

applicant. 20 C.F.R. § 416.912(e). The ALJ may seek additional information from an applicant's physician if the information already in the ALJ's possession is inadequate to determine if the applicant is disabled. 20 C.F.R. § 416.912(e); <u>see also</u> <u>Truett v. Barnhart</u>, CIV.A. 04-5376, 2005 WL 3216741 (E.D. Pa. Nov. 23, 2005) (Robreno, J).

The Magistrate Judge correctly states that "Plaintiff's medical record is voluminous and clear." Report and Recommendation at 5. The evidence that the ALJ references in his decision includes: the testimony of Plaintiff's mother; medical records of the surgery performed by Dr. Pasquariello; records from the Reading Hospital Children's Health Center; notes of Urologist Dr. Carr of CHOP; records of Dr. Davidson of the Spina Bifida Program at CHOP; and the opinion of a state medical agency consultant. Decision at 4-6. The ALJ also considered a letter from Dr. Pasquariello which describes the potential problems that Plaintiff might develop as he grows older and indicates that Dr. Pasquariello is uncertain which medical problems Plaintiff might develop. R. at 337.

As explained in the next section, there was sufficient evidence in the record upon which the ALJ could base his decision. <u>See</u> 20 C.F.R. § 416.912(e). Accordingly, The ALJ was not obligated to seek additional information, in the form of a

MSS, from Dr. Pasquariello or Dr. Mendoza, because the ALJ already had sufficient medical records from the sources identified by Plaintiff.  See 20 C.F.R. § 416.912(e). Accordingly, the Magistrate Judge's recommendation is adopted.

    B.    <u>Plaintiff's Second Objection Will Be Overruled and the Court Will Adopt the Magistrate Judge's Recommendation that the ALJ's Functional Equivalence Findings Be Affirmed</u>

Plaintiff avers that the Court should reject the Magistrate Judge's finding that the ALJ's functional equivalence findings should be affirmed.  Plaintiff contends that the Report and Recommendation "oversimplifies the standard of review." Pl.'s Objections to the Report and Recommendation at 2. Plaintiff avers that "[f]indings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence."  Id. (quoting Cotter v. Harris, 642 F.2d 700, 712 (3d Cir. 1980)).  Finally, Plaintiff asserts that the ALJ's functional equivalence findings were not supported by substantial evidence in the record.  Id. at 2-3.

In making an equivalence determination, the ALJ must assess the claimant's functioning in terms of six domains. Cortes ex rel. J.C. v. Comm'r of Soc. Sec., 11-CV-5819, 2013 WL 795599, at *1 (D.N.J. Mar. 4, 2013).  The first domain is

acquiring and using information.  20 C.F.R. § 416.926a(g).  The second domain is attending and completing tasks. Id. § 416.926a(h).  The third domain is interacting and relating with others.  Id. § 416.926a(i).  The fourth domain is moving about and manipulating objects.  Id. § 416.926a(j).  The fifth domain is caring for yourself.  Id. § 416.926a(k). The sixth and final domain is health and physical well-being.  Id. § 416.926a(l).

In each of those six domains a claimant's limitation is measured on a scale ranging from "no limitation," to "less than marked limitation," to "marked limitation," to an "extreme limitation."  Cortes, 2013 WL 795599, at *2.  A "marked" limitation is found where the impairment seriously interferes with a claimant's ability to independently initiate, sustain, or complete activities; it is "more than moderate" but "less than extreme."  20 C.F.R. § 926a(e)(2).  An "extreme" limitation is found where an impairment "very seriously" interferes with a claimant's ability to independently initiate, sustain, or complete activities; it means "more than marked" and is a rating given to the worst limitation, but it does not require a total lack or loss of ability to function.  20 C.F.R. § 416.926a(e)(3).

Only if the claimant's impairment or combination of impairments results in "marked" limitations in two domains of

functioning or an "extreme" limitation in one domain will a claimant under the age of eighteen be declared "disabled," and therefore entitled to receive SSI benefits. Cortes, 2013 WL 795599, at *2 (citing C.F.R. § 416.926(a)-(d))

The Report and Recommendation correctly sets forth the standard of review which the Court applies when reviewing the findings of an ALJ in making SSI eligibility determinations. The Magistrate Judge stated that the deferential standard of review due to an ALJ's determination of functional limitation does not allow the Court to re-weigh the evidence or, in other words, to determine what weight certain evidence should carry. Report and Recommendation at 4. This is the correct standard as set forth by the Third Circuit. See Rutherford, 399 F.3d at 552 ("In the process of reviewing the record for substantial evidence, we may not weigh the evidence or substitute our own conclusions for those of the fact-finder." (internal marks omitted) (citing Williams, 970 F.2d at 1182)).

It is sufficient that the ALJ's decision is based on substantial evidence, which means more than a "mere scintilla" of evidence but not as much as a preponderance. See Rutherford, 399 F.3d at 552; see also Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Plaintiff conceded that Plaintiff had a less-than-marked limitation in four of the domains: acquiring and

11

using information, attending and completing tasks, interacting and relating with others, and caring for yourself.  See Pl.'s Br. 9-11.  Accordingly, the Court only needs to examine (1) moving about and manipulating objects, and (2) health and physical well-being.

### 1.   Moving About and Manipulating Objects

In reaching his decision, the ALJ considered the testimony of Plaintiff's mother, medical records, and a report from Dr. Davidson.  Decision at 11.  Plaintiff's mother testified that Plaintiff is able to crawl and stand but will need braces and will have difficulty walking.  Id.  Furthermore, the ALJ found Plaintiff's mother did not allege any upper extremity dysfunction.  Id.  Plaintiff's medical records indicated that Plaintiff was able to hold a bottle, play "peek-a-boo," and bang cubes together leading the ALJ to conclude that Plaintiff's upper extremity function was unimpaired and Plaintiff was able to manipulate objects.  Id.  Dr. Davidson's report indicated that Plaintiff would probably need braces below the knee, but Plaintiff was able to crawl.  Id.  Based on this evidence, the ALJ concluded that Plaintiff had "a less than marked degree of limitation in this functional domain."  Id. at

12. Here the ALJ had substantial evidence before him with which to support his findings, and accordingly, the Court will not disturb his findings. See Rutherford, 399 F.3d at 552.

### 2. Health and Physical Well-Being

The ALJ noted the testimony of Plaintiff's mother, the Plaintiff's medical treatments, and Plaintiff's ongoing medical conditions. Decision at 13. Plaintiff's spina bifida requires physical therapy, his reactive airways require breathing treatments twice per day, he requires medications for his neurogenic bladder, and his constipation requires medication and assistance from his mother (pressing his legs into his abdomen). Id. Plaintiff's doctors have instructed Plaintiff's mother to treat him like a non-disabled child. Id. The ALJ, in considering these complications found that Plaintiff has a marked, but not extreme limitation. Id. There is substantial evidence that Plaintiff's limitation in this area is one where it seriously interferes with his ability to independently initiate, sustain, or complete activities but does not "very seriously" interfere with his ability to independently initiate, sustain, or complete activities. See 20 C.F.R. § 926a(e)(2). Under these circumstances, the Court finds that there is

significantly more than a mere scintilla of evidence to support the ALJ's findings (satisfying the substantial evidence standard), that the Magistrate Judge properly set forth the standard of review for the Court to apply, and accordingly, Plaintiff's objection is overruled.  See Rutherford, 399 F.3d at 552.

## V.   CONCLUSION

For the reasons set forth above, the Court overrules Plaintiff's Objections to the Magistrate Judge's Report and Recommendation and adopts the Report and Recommendation entering final judgment in favor of the Commission and denying Plaintiff's request for review.  An appropriate order accompanies this opinion.